UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE SHIRLEY WILLIAMS STEELE, <br><br> Plaintiff, <br><br> -against- <br><br> MUTUAL OF OMAHA INSURANCE COMPANY; ROBERT GRANT; and DIANA M. WHITE, <br><br> Defendants. | 24-CV-4419 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this action, *pro se*, invoking the Court's federal question jurisdiction. She asserts that Defendants violated the federal statute that governs federal contracts, 41 U.S.C. §§ 6502-6503. Named as Defendants are (1) Mutual of Omaha Insurance Company ("Omaha Insurance"), located in Omaha, Nebraska; (2) Robert Grant, a "select quote insurance services" agent, who works at an office in San Francisco, California; and (3) Diana M. White, a "claims analyst," who works at an Omaha Insurance office in Omaha, Nebraska. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Nebraska.

## BACKGROUND

The following facts are drawn from the complaint.[1] On June 4, 2024, and June 5, 2024, Plaintiff had two phone calls regarding her insurance policy coverage with Omaha Insurance. Plaintiff spoke with one of the defendants, likely White,[2] who works in Omaha, Nebraska. White

---

[1] The Court quotes from the hand-written complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff refers to this defendant as "she." The two individual defendants are Diane White and Robert Grant. The Court assumes for the purpose of this order that Plaintiff spoke

informed Plaintiff "that I didn't include that I have heart disease that was one reason for denial which I don't have." (ECF 1, at 5.) Plaintiff contends that the application

> didn't have any marks besides critical illness nor were pages on the second application filled out either. Then she states . . . I . . . have been terminated. Had they had a phone call to establish the insurance policy suspension to listen they would hear clearly[.] I answered correctly all questions and [illegible] then approved and they have been collecting insurance payments monthly.

(*Id.* at 6.) Plaintiff "would like the courts to administer [illegible] my 20,000 policy insurance [illegible] payment and relief of 1 million dollars." (*Id.*)

Attachments to the complaint indicate that in December 2023, Plaintiff signed up for an insurance policy that covered critical illness and filed a claim in January 2024, after learning that she had "a second tumor that needed gamma ray surgery." (*Id.* at 8.) Another attachment indicates that Plaintiff filed an appeal of the denial of her claim on June 4, 2024. The insurance policy, also attached to the complaint, includes Defendant Grant's electronic signature with his San Francisco address listed. Also attached to the complaint is an Omaha Insurance welcome letter, informing Plaintiff that all correspondence should be directed to an Omaha, Nebraska address.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

with White.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's allegations do not suggest that this court is a proper venue under Section 1391(b)(1) because Defendants reside in Omaha, Nebraska and San Francisco, California.[3] Venue may be proper in this court under Section 1391(b)(2), but only if a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bronx County, where Plaintiff presumably called White to discuss her insurance policy. However, the United States District Court for the District of Nebraska, or the United States District Court for the Northern District of California, appear to be proper venues under Section 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in these Districts.

Even if this court is a proper venue, the Court may transfer the case to any other court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the

---

[3] Based on information included on Omaha Insurance's website, this company does not have any offices in New York State. *See All Mutual of Omaha Locations | Life Insurance, Finance, Medicare*, https://agents.mutualofomaha.com/district-offices (last visited June 27, 2024) (https://perma.cc/G5EK-QP3N). Thus, it does not appear that Omaha Insurance is subject to personal jurisdiction in this District, and consequently, this District would not be a proper venue under Section 1391(b)(3)(c).

governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the District of Nebraska appears to be appropriate in this case for three reasons. First, Omaha Insurance is located in Nebraska where it is reasonable to expect that all relevant documents and witnesses would be located. Second, White, who works at an Omaha Insurance company and likely resides in Nebraska, interacted with Plaintiff personally when she discussed Plaintiff's claim with her. Third, although Grant digitally signed Plaintiff's insurance policy using a San Francisco address, no other allegations connect this defendant to Plaintiff's underlying claims. For these reasons, the United States District Court for the District of Nebraska appears to be a more convenient forum for this action, and this Court transfers this action to that court. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Nebraska. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[4] Summonses shall not issue from this court. This order closes this case in this court.

---

[4] Plaintiff did not pay the fees to initiate this action or request that the fees be waived.

4

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 15, 2024
        New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                             Chief United States District Judge