IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BEATRICE SHIRLEY WILLIAM STEELE, | |
|---|---|
| Plaintiff, | 8:24CV300 |
| vs. | MEMORANDUM AND ORDER |
| MUTUAL OF OMAHA INSURANCE COMPANY, ROBERT GRANT, DIANA M. WHITE, and DENNIS SCHAFF, Insurance Agent; | |
| Defendants. | |

This matter is before the Court on Plaintiff Beatrice Shirley William Steele's amended complaint. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in this forum in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff has sued Mutual of Omaha Insurance Company (Mutual of Omaha), Robert Grant, Diana M. White, and Dennis Schaff. Her initial complaint, filed on June 5, 2024, asserted a right to recover on a Lump Sum Cancer/Critical Illness insurance policy issued by Mutual of Omaha, Filing No. 1 at 11, and sold to her by Defendant Grant. Filing No. 1 at 12. The initial complaint alleged Plaintiff filed a claim to recover on the policy, but in a letter signed by Defendant White, her claim was denied. *See* Filing No. 1 at 26-28. The face value of the policy is $20,000. Filing No. 1 at 13.

Upon review, the Court concluded Plaintiff failed to allege a basis for subject matter jurisdiction because the complaint did not claim a right to recover under federal law, and while Plaintiff alleged diversity of citizenship, the complaint did not allege an amount in controversy exceeding $75,000. Filing No. 12 at 7-9. Plaintiff was granted leave to amend. The amended complaint was timely filed on July 9, 2025. Filing No. 13.

The Court must consider whether the allegations of that complaint support a finding of federal subject matter jurisdiction. Upon review, the Court must dismiss this case for lack of subject matter jurisdiction.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

As in all cases, the Court must first determine whether it has subject matter jurisdiction before considering the merits of Plaintiff's claims. The Court has federal question jurisdiction if Plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute." *Nw. S.D. Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Plaintiff's amended complaint states she is seeking recovery on an insurance policy under the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statute. Filing No. 13 at 3. If Plaintiff's complaint seeks a right to recover on a policy obtained through an ERISA plan, the Court has federal question jurisdiction. However, ERISA covers employee benefit plans, not private insurance policies, and there are no facts of record indicating the policy at issue was provided by an employer or purchased through an employer's plan offering benefits to its employees. *See Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 629 (8th Cir. 2001). Plaintiff has therefore failed to

3

allege a right to recover under ERISA. The Court lacks federal question jurisdiction.[1]

Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant," *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(a). Plaintiff's amended complaint, which supersedes her initial complaint, is sparse. It does not allege the citizenship of all the defendants and therefore fails to allege diversity of citizenship. And, even assuming diversity of citizenship is alleged, diversity jurisdiction does not exist unless Plaintiff alleges she may recover more than $75,000 in this lawsuit.

As to the amount in controversy, Plaintiff's amended complaint requests punitive damages, Filing No. 13 at 4, a retirement annuity of $72,000 for nine years, and Social Security disability payments of $42,000 for nine years. Filing No. 13 at 4. Plaintiff is not suing for breach of a retirement annuity policy, and only the Social Security Administration can determine Plaintiff's right to recover Social Security disability benefits. So, even if Plaintiff prevails at trial, the retirement annuity and Social Security disability payments she demands cannot be awarded by the Court.

If supported by the allegations of Plaintiff's amended complaint, Plaintiff's request for punitive damages could support a claim for recovery exceeding $75,00. The punitive damages claim prompts the question of which

---

[1] Upon review of the initial complaint, the Court held diversity of citizenship existed because Plaintiff alleged that she is a citizen of New York; Mutual of Omaha is incorporated under the laws of Nebraska and located in Omaha, Nebraska; and Plaintiff alleged a California address for Grant and a Nebraska address for White. Filing No. 12 at 6 (citing Filing No. 1 at 2–4).

state's law applies to her claims. Here, Plaintiff is a New York citizen and Mutual of Omaha is a Nebraska citizen. But as to the breach of contract claim, the Court need not decide the choice of law issue. As explained in the Court's prior order on initial review, Plaintiff cannot recover punitive damages for breach of contract under either New York or Nebraska law.

Plaintiff's amended complaint mentions "bad faith." Filing No. 13 at 4. The tort of bad faith can support a claim for punitive damages under New York law, but not under Nebraska law. However, under the facts alleged, the Court need not decide which state's law applies to the bad faith claim. In support of her reference to bad faith, Plaintiff states the defendants committed wrongful, malicious, fraudulent, and oppressive behavior showing a willful disregard for the rights of others, with no facts supporting these conclusory statements. Filing No. 13 at 4. The Court will not consider "naked assertions" without "factual enhancement." *Twombly*, 550 U.S. at 557. Without facts to explain why Plaintiff believes Mutual of Omaha lacked a reasonable basis for denying the insurance policy benefits, and the insurer's knowledge, or reckless disregard, of the lack of a reasonable basis for denying the claim, Plaintiff's amended complaint fails to state a claim for bad faith in refusing to pay on the insurance policy. *J.L.'s Plaza 93, LLC v. Cap. Specialty Ins. Corp.*, 8:19-CV-184, 2019 WL 8063274, at *3, (D. Neb. Oct. 3, 2019); *see also Schlusselberg v. N.Y. Cent. Mut. Fire Ins. Co.*, 169 N.Y.S.3d 657, 660 (App. Div. 2022); *Ruwe v. Farmers Mut. United Ins. Co.*, 469 N.W.2d 129, 134 (Neb. 1991).

While the tort of bad faith can allow for recovery of punitive damages under New York law, in the absence of adequate factual allegations, the bad faith claim must be dismissed and therefore cannot support recovery of punitive damages against Mutual of Omaha. *See Schlusselberg,* 169 N.Y.S.3d at 660 (denying any right to punitive damages where the complaint merely

alleged defendant failed to pay on a policy and lacked sufficient allegations to support a claim of bad faith). And even assuming Nebraska law applies to this case and Plaintiff sufficiently alleged a bad faith claim, she could not recover punitive damages. *O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) (quoting *Distinctive Printing & Packaging Co. v. Cox*, 443 N.W.2d 566, 574 (Neb. 1989)).

Moreover, even had Plaintiff sufficiently alleged a tort of bad faith, she has neither requested nor alleged a basis to recover compensatory damages. Her amended complaint alleges no facts suggesting that beyond being denied recovery under the policy, she sustained any damages due to Mutual of Omaha's refusal to pay on the policy.

Having liberally construed all facts within the amended complaint, the Court finds Plaintiff has stated, at most, a claim to recover the face amount of the policy, $20,000, but not compensatory or punitive damages. Plaintiff has failed to allege an amount in controversy exceeding $75,000. The Court lacks diversity jurisdiction.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Based on the allegations in Plaintiff's amended complaint, this Court lacks subject matter jurisdiction. The case must be dismissed. Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 3rd day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge